IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02475-BNB

LYNN E. SCOTT,

    Plaintiff,

v.

JOHN REILLY, Warehouse Manager, L.C.F.,
ROBERTA WALTERS, Case Manager of L.C.F.,
RON WALTERS, Case Manager of L.C.F.,
PAM KEHANIC [sic], Supervisor of C.I. of L.C.F., and
MARY CARTER, Level IV Mail Room Supervisor of L.C.F.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Scott filed **pro se** a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), and various other statutes. He was granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On January 15, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Scott to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that alleged each Defendant's personal participation in the asserted constitutional violations. On February 1, 2008, Mr. Scott filed the amended complaint pursuant to 42 U.S.C. § 1983 and various other

statutes. He asks for unspecified money damages, injunctive relief, and declaratory relief.

The Court must construe the amended complaint liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the amended complaint, Mr. Scott asserts three claims. He fails to allege which claim is asserted pursuant to which statute. He unnecessarily repeats in the text of each claim allegations he included as background information in the description of the nature of the case. The claims he asserts in the amended complaint are more vague than the claims he asserted in the complaint originally filed; however, they still appear to be based upon the October 3, 2005, incident that occurred while Mr. Scott was incarcerated at the Limon Correctional Facility and working for the Colorado Correctional Industries as a machine operator for the garment factory. He contends that he lost a scissors down a toilet, was charged with and convicted of the disciplinary violations of advocating or creating facility disruption and damage to property, was fired from his prison job, and was placed in segregation. He further alleges that on May 31, 2006, the Lincoln County District Court reversed his disciplinary convictions.

Mr. Scott attempts to challenge the imposition of his disciplinary convictions based upon an allegedly false incident report (claim one), the failure to reinstate him pursuant to the DOC's Code of Penal Discipline to the same status he had before the loss of his prison job (claim two), and the retaliation he allegedly suffered as a result of filing grievances (claim three). Specifically, Mr. Scott makes the conclusory allegation that Defendant Pam Kehanic gave him a false incident report and that Defendant Mary Carter did not allow him to question a witness, in violation of his due process rights (claim one). He also apparently claims that Defendants Roberta Walters and John Reilly failed to restore his back pay and missed bonuses after his convictions were reversed on appeal and he was rehired at his prison job, also in violation of his due process rights (claim two). His third claim is a hodgepodge of claims, i.e., that

3

Defendant John Reilly retaliated against him for filing grievances by not giving him back pay or bonuses and by placing him in segregation, that Defendant Ron Walters violated his due process rights for reasons he fails to specify, that he falsely was imprisoned for reasons he fails to specify, and that somehow his access to the courts was violated (third claim).

The amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rather than summarizing each claim succinctly, Mr. Scott still expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Scott's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. As Magistrate Judge Boland informed Mr. Scott in the January 15, 2008, order for an amended complaint, he must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

In order for Mr. Scott "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02475-BNB

Lynn E. Scott
Prisoner No. 60760
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/15/08

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                         Deputy Clerk